IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY BROWNLOW, et al.,

     Plaintiffs,                       No. CIV S-08-0019 LKK GGH P

vs.

SPECTER, et al.,

     Defendants.               <u>ORDER</u>

/

        Plaintiffs, state prisoners proceeding pro se, have filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis. In light of 1996 amendments to 28 U.S.C. § 1915, this court will not rule on plaintiffs' request to proceed in forma pauperis.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

\\\\\

1

In this case, plaintiffs appear to raise claims challenging the validity of their confinement, apparently based on parole violations. It appears from the complaint that these parole violations were prosecuted in Riverside and Los Angeles Counties. Plaintiffs are incarcerated in Ironwood State Prison which is located in Riverside County.

The only defendant located in the Eastern District of California is Governor Schwarzenegger. Plaintiff alleges that he wrote Governor Schwarzenegger letters alerting him to the human rights violations. Based on these allegations, it is likely that defendant Schwarzenegger will be dismissed.

Riverside and Los Angeles Counties, where plaintiffs' claims arose, are located in the Central District of California. Therefore, plaintiffs' claim should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that:

1. This court has not ruled on plaintiffs' request to proceed in forma pauperis; and

2. This matter is transferred to the United States District Court for the Central District of California.

DATED:02/27/08                             /s/ Gregory G. Hollows

                                           UNITED STATES MAGISTRATE JUDGE

brow19.tra